**SO ORDERED.**

**SIGNED this 19 day of June, 2009.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

OBERLIN PLAZA ONE, LLC                Case Number 09-03686-8-JRL
                                      Chapter 11
DEBTOR.

_____

ORDER

This matter came before the court on the debtor's motion for authorization for mall closure and decommissioning. A hearing on this matter was conducted on June 15, 2009 in Raleigh, North Carolina.

The debtor filed for relief under Chapter 11 of the Bankruptcy Code on May 5, 2009. The debtor operates a mall in Niagra Falls, New York, known as Summit Mall ( "mall"). When the debtor took ownership of the mall in 2002, the mall was operating at a deficit. In an attempt to revive the mall, the debtor undertook substantial maintenance and repair to the property. Additionally, the debtor spent considerable sums of money to attract new tenants. However, none of the efforts to make the mall viable were successful. The debtor seeks to close and decommission the mall under the belief that such acts will aid in facilitating an orderly sale or other transfer of the mall property.

At hearing, counsel for the debtor submitted a cash flow summary highlighting the debtor's dismal financial picture. The debtor further described the present state of the mall. Currently, the mall houses only ten tenants, an occupancy rate of approximately 16%. Of those ten tenants, only three are current on rent payments. The debtor further asserted that as the mall stands, it has become a target for vandalism. Acts of vandalism, such as graffiti, tampering with security equipment, and trashing of bathrooms continue to diminish its value. An expert in retail development also testified on behalf of the debtor. In the opinion of the retail expert, closing the mall was an exercise of good business judgment.

The debtor went on to detail its plans for closing and decommissioning the mall property. The debtor intends for the closing and decommissioning to be a two stage process. First, the debtor will close the mall to the public. The debtor further asserted that the closing will be undertaken in full compliance with local and state authorities and regulations. While the mall is closed, the debtor will continue to provide utility and water service to tenants as they make plans to relocate. After all tenants have vacated the property, the debtor will begin the second stage, decommissioning. Decommissioning will involve shutting off electric, water, sprinklers, and all other utility services to the building. In addition, steps will be taken, such as boarding up entrance ways and blocking off sections of the parking lot, to secure the property safely.

Counsel for three tenants, an adjacent property owner, and the creditors' committee appeared to make objections to the debtor's motion. The overarching objection was the need for more time to move inventory and relocate, and also for more specificity in the plans for decommissioning. The largest opponent, Sears, had additional concerns. The Sears store ("Sears") predates the mall's construction and is separately owned. The mall and Sears share a common wall which contains an entranceway (the "mall gate") between the properties. This

entrance provides ingress and egress for Sears customers.  Sears' primary concern was that when the debtor closes the mall and thus the mall gate, it will automatically place Sears in violation of local safety and fire codes.  Sears asked this court to reserve its decision until further information could be gathered about available alternatives that will lessen the adverse effects to their tenancy.        The court concludes that the debtor appropriately used its business judgment in deciding to  close the mall, and that decision at this juncture is not premature.  Closing the mall is obviously a use of estate property outside the ordinary course of business for which court approval is required under 11 U.S.C. § 363.  The evidence presented shows that under the debtor's ownership the mall has never been profitable, and is in a perpetually declining state.  However, as with any debtor-in-possession operating under Chapter 11, the mall closing must be in accordance with state and local law.  While the debtor offered testimony that it intended to act in such a manner, no probative evidence was proffered.  Therefore, the court will authorize the mall to be closed ten days after receipt of evidence documenting that the egress restrictions the debtor intends to employ are in full compliance with any and all state and local codes/regulations; and, that such closing will not prevent Sears or other free standing tenants from continuing normal business operations.  Decommissioning is not authorized at this time.

     Based on the foregoing, the motion is APPROVED as to the closing of the mall, contingent upon the court's satisfaction with evidence of the debtor's compliance with state and local requirements. The motion is DENIED as to any acts of decommissioning until the court is presented with a detailed and specific proposal demonstrating compliance with state and local law and the impact on adjoining tenants.

END OF DOCUMENT