**SO ORDERED.**

**SIGNED this 04 day of September, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

OBERLIN PLAZA ONE, LLC           Case Number 09-03686-8-JRL
                                 Chapter 11
DEBTOR.

_____

### ORDER

This matter came before the court on the Bankruptcy Administrator's motion to dismiss or convert. A hearing on the matter was held on August 28, 2009, in Raleigh, North Carolina.

BACKGROUND

The debtor filed for relief under Chapter 11 of the Bankruptcy Code on May 5, 2009. The debtor operates a mall in Niagra Falls, New York, known as Summit Mall ("mall"). At a hearing on June 15, 2009, it was determined that in spite of the best efforts of the debtor, the mall was not viable. On June 19, 2009, the court entered an order approving closure of the mall, but denying further decommissioning.

At hearing, it was established that attempts to insure the mall after September 1 have been unsuccessful. While insurance coverage continues on the occupied outlying portions of the property, on the unoccupied portions, consisting of the mall itself, it lapsed on August 31, 2009.

Because maintaining insurance is a duty imposed upon the debtor, the Bankruptcy Administrator asserted that the debtor's case should be dismissed.

## DISCUSSION

Local Rule 4002-1(c)(4) states that the debtor shall keep the property of the debtor and bankruptcy estate insured. The principal of the debtor testified that insurance had been actively sought through an insurance broker. However, all attempts to insure the mall were unsuccessful due to the lack of occupancy. Furthermore, the debtor's principal stated that were the debtor able to find coverage, no monies existed with which to pay premiums. In the event insurance were acquired, the debtor would be dependant on Oberlin Investors, an investment company who is its secured lender,, for a loan. The principal of the debtor, a member of Oberlin Investors, stated that it would not be in Oberlin Investor's best interest to loan the cost of insurance to the debtor.

Counsel for the secured creditors and the unsecured creditors committee opposed dismissing the case. Appointment of a trustee was alternatively proposed in lieu of a dismissal. Separate from the matter of insurance, it was further established that the personal property of the debtor was auctioned off and mall hours were shortened without court approval and in disregard of the June 19th order. Pursuant to 11 U.S.C. § 1104(a), a trustee may be appointed for cause where the debtor has acted fraudulently, dishonestly, incompetently, or shown signs of gross mismanagement.

The principal of the debtor stated that he believed the auction of mall personal property such as office furniture was permitted by the court's oral ruling approving the sale. Moreover, the auction netted $45,000.00 for the estate. Addressing the shortened mall hours, the debtor's principal stated that he made the decision to close the mall an hour earlier on week nights and

completely on the weekends because all retail tenants had vacated the mall. A call center is the only tenant remaining in the enclosed mall structure; however, the call center has a separate outside entrance. The mall's operating hours now coincide with the call center's.

The court finds that without insurance the case cannot move forward. A fundamental component of seeking relief under Chapter 11 of the Bankruptcy Code is compliance with the enumerated rules. Where the rules are not met, jurisdictional protection cannot be afforded. In addition to its inability to acquire insurance, the debtor also clearly failed to comply with this court's orders. However, such non-compliance does not rise to the level of fraud or mismanagement whereby the extraordinary remedy of appointing a trustee would be appropriate.

Based on the foregoing, the motion to dismiss is ALLOWED.

END OF DOCUMENT